UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM GRACE-BEY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2:19-cv-8-RLW<br>) |
| ANNE PRECYTHE, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of William Grace-Bey, an inmate at Moberly Correctional Center, for leave to commence this civil action without prepayment of the required filing fee. The motion will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

Plaintiff, a prisoner and a frequent filer of frivolous lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that plaintiff has accumulated more than three strikes. *See Grace v. Stubblefield*, 4:07-CV-1630 ERW (E.D. Mo.); *Grace v. Owens*, 4:08-CV-89 CDP (E.D. Mo.); *Grace v. Chastain*, 4:08-CV-598 FRB (E.D. Mo.); *Grace v. Allen*, 4:08-CV-619 CAS (E.D. Mo.); and *Grace v. Jones*, 4:08-CV-620 FRB (E.D. Mo.). Therefore, he may proceed *in forma pauperis* in this action only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Complaint**

In the hundreds of pages submitted by plaintiff by way of his complaint and exhibits, plaintiff makes many allegations of wrongdoing at Moberly. However, the complaint seems to focus on three main issues. First, plaintiff alleges that he is under imminent danger of serious physical injury because the various defendants have violated his First Amendment rights by censoring the newspapers and pictures that he receives by mail. Second, plaintiff asserts that his Eight Amendment rights are being violated by inhumane conditions at Moberly, including black mold in the showers, asbestos throughout the facility, and an infestation of pests (such as cockroaches, roaches, spiders, other insects, mice, and birds). Third, plaintiff alleges an equal protection violation based on inmates in general population being allowed more time in the law library and more time in the dayroom, than inmates in protective custody. According to plaintiff, he has suffered injuries as a result of the mold and asbestos, including severe migraine headaches, coughing up phlegm, vomiting, and nausea. In addition, plaintiff's extensive complaint mentions many other alleged violations without much detail, including a dangerous, rusty bunk bed; that the Moberly law library is inadequate; that the Moberly cells are too small; and describes an incident in October 2018 where some correctional officers allegedly harassed plaintiff and denied him the right to eat.

2

**Discussion**

An inmate subject to § 1915(g) is only eligible to proceed *in forma pauperis* if he is in imminent danger *at the time of filing* his complaint. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past harm are "insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Id.*

After reviewing the complaint, the Court finds no allegations that would show that plaintiff is in imminent danger of serious physical injury. Most of plaintiff's allegations, including that his mail has been censored and that certain inmates have less time in the library or dayroom, do not show an ongoing or future risk of serious injury. As for his allegations regarding black mold and asbestos, the filings indicate that these problems are being addressed and there is no imminent danger. At one point in plaintiff's complaint he states that his exposure period for mold and asbestos was January 2018 to September 2018. ECF No. 1 at 24. Based on this time period, these alleged injuries are clearly not 'imminent.' *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred.").

However, in an "Affidavit" filed by plaintiff on February 13, 2019, he describes more recent exposure to black mold in January 2019. ECF No. 10. Despite the fact that black mold may be an ongoing problem at Moberly – as it is so many other places – plaintiff's substantial filings clearly indicate that his health problems are being treated by the prison medical staff. ECF Nos. 1 at 22 (describing multiple medical appointments resulting in prescriptions to treat pain and allergies); 1-1 at 14 (describing plaintiff's breathing treatments for COPD and

3

medication for acid reflux); 1-2 at 6 (prison doctor ordered a chest x-ray to be performed on plaintiff).

In addition, plaintiff admits that these conditions of confinement are being addressed. He states that the black mold is being treated with bleach. ECF No. 1 at 11. He was informed in an IRR Response that cleaning supplies are available upon request for cleaning his room, as each inmate is responsible for the cleanliness of their room. ECF No. 1-6 at 64. As for the infestation issue, plaintiff admits that bug spray is being used in the facility and that he was informed that Moberly has a contract with a pest control company that treats the housing units and food service twice a month. *Id.* at 13, 18. Plaintiff was even informed in his IRR Response that he could request that his cell be treated every week by pest control. ECF No. 1-5 at 51, 64. He was also informed that prison officials have been trying to remedy an ongoing bird issue at Moberly. ECF No. 1-6 at 37, 40, 42, 59. As for the asbestos, plaintiff was informed multiple times by the Department of Corrections that all of the asbestos was removed from the Moberly prison cells in the early 1980's and that any remaining asbestos is inside the walls where no one has contact with it. ECF Nos. 1 at 13; 1-6 at 14, 16.

As a result, the Court finds plaintiff is not under imminent danger of serious physical injury. Plaintiff's motion for leave to proceed *in forma pauperis* will be denied, and this action will be dismissed without prejudice to refiling as a fully paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 5] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to the filing of a fully paid complaint.

An Order of Dismissal will be filed separately.

Dated this 20th day of February, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE